## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 08-07752 BKT |
| | Chapter 11 |
| INDUSTRIAS VASALLO, INC. | Adversary No. 09-0258 |
| Debtor(s) | |
| INDUSTRIAS VASALLO, INC. | |
| Plaintiff | |
| vs. | |
| PUERTO RICO ELECTRIC POWER AUTHORITY | |
| Defendant(s) | **FILED & ENTERED ON 12/19/2013** |

### OPINION AND ORDER

Before this court is Defendant Puerto Rico Electric Power Authority's ("PREPA") Motion for Partial Summary Judgment against Intervenor-Plaintiff United Surety & Indemnity Company ("USIC") as to PREPA's Counterclaim and its accompanying Supplement [Dkt. No.'s 138 & 150], PREPA's Motion for Partial Summary Judgment Dismissing USIC's Complaint in Intervention [Dkt. No. 149]; USIC's Opposition to PREPA's Summary Judgments [Dkt. No.'s 164, 166], and PREPA's Reply to USIC's Opposition to PREPA's Summary Judgments [Dkt. No. 178]. For the

reasons set forth below, PREPA's Motions for Partial Summary Judgment are GRANTED.

## I.      Factual Background

Debtor Industrias Vassallo, Inc. filed a Chapter 11 bankruptcy case on November 17, 2008. On December 22, 2009, Debtor filed a Complaint ("Complaint") against PREPA asserting that PREPA owed Debtor $3,449,161.12 for damages resulting from electric power interruptions and/or fluctuations to Debtor's Coto Laurel manufacturing plant. On January 8, 2010, USIC filed a Motion Requesting Intervention pursuant to Fed.R.Bankr.P. 7024(a)(2) and/or (b)(2). On January 26, 2010, the court granted USIC's Motion. Following extensive legal wrangling by these two parties, PREPA's Motions for Partial Summary Judgment and USIC's Opposition followed.

## II.      Legal Analysis and Discussion

PREPA provided Debtor/Plaintiff with electric power services, rental of equipment and transformers, and other accessory or related economic assistance pre-petition. Consequently, as of September 5, 2012, Plaintiff owed PREPA at least $2,435,253.48 for these services and obligations. See Plaintiff's Amended Complaint [Dkt. No. 129]. As of August 17, 2008, as demonstrated by PREPA's Proof of Claim number 4-1 ("POC #4-1") filed in legal case 08-07752, Plaintiff owes PREPA in excess of $450,000.00 for the above-mentioned services and obligations. PREPA alleges that it owes Plaintiff at most $1,053,036.87. See Plaintiff's Amended Complaint [Dkt. No. 129].

On July 1, 1996, USIC issued an Electric Service Contract Bond number 9637523 ("Bond") on behalf of Plaintiff to guarantee payment of electric power services supplied by PREPA, and any other economic obligation of Plaintiff to PREPA that is accessory or related to the supply of electric power services by PREPA. On June 26, 1997, USIC increased the penal sum of the Bond from $250,000.00 to $450,000.00. For reasons not relevant to the dispute presently before the court,

USIC cancelled said Bond on August 17, 2008. On December 1, 2008, PREPA claimed from USIC payment of the penal sum of $450,000.00 under the Bond. See Dkt. No. 138 Ex. 2. The following day, PREPA filed POC #4-1 in Debtor's bankruptcy case. On September 15, 2009, PREPA again claimed from USIC payment of the penal sum of $450,000.00. See Dkt. No.'s 73 & 138, Ex. 3. On September 24, 2009, USIC informed PREPA that it had received PREPA's request and that they were notifying Debtor. See Dkt. No. 138, Ex. 4. On the same day, USIC notified Debtor of PREPA's extrajudicial claim under the Bond and requested Debtor's position regarding the same. See Dkt. No. 73. On October 5, 2009, Debtor notified USIC of its position regarding PREPA's claim to USIC under the Bond. See Dkt. No. 73. On December 15, 2009, PREPA informed USIC that the ninety day period for USIC to pay PREPA's claim had expired without payment, and that therefore USIC had committed an unfair claim adjustment practice. PREPA once again demanded USIC pay the penal sum under the Bond. See Dkt. No. 138, Ex. 3. On that same day, USIC acknowledged receiving PREPA's letter of even date and stated it had not received PREPA's letter of September 15, 2009 on September 15, 2009 by fax, but rather on September 18, 2009, via mail. USIC further clarified that notice by fax transmission, even if it had occurred, did not trigger the ninety day claim payment period required under state law. See Dkt. No. 138 Ex. 6.

On December 16, 2009, PREPA reasserted its position that USIC had received PREPA's second claim request on September 15, 2009, and that USIC's receipt by fax did trigger the ninety day period. See Dkt. No. 138 Ex. 7. On June 7, 2010, USIC admitted that it had in fact received PREPA's letter by fax on September 15, 2009. See Dkt. No. 138 Exs. 8, 9. On December 16, 2009, USIC denied PREPA's claim under the Bond, asserting that PREPA owed Debtor more than Debtor owed PREPA, and as a result USIC was entitled to raise Debtor's setoff defense. See Dkt. No. 73.

At a hearing held on September 12, 2012, USIC acknowledged that it had denied PREPA's claim without having reviewed evidence of the $3,449,161.12 in damages alleged by Debtor. See Dkt. No. 131.

### A.      Summary Judgment Standard

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

In the summary judgment motion presently before the court, PREPA argues that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law.  More specifically, PREPA argues that because USIC issued the Bond to jointly and severally guarantee payment to PREPA of any money owed by Debtor to PREPA, USIC must pay PREPA upon Debtor's failure to do so, up to the penal sum for Debtor's liability to PREPA. Debtor failed to pay PREPA an amount in excess of $450,000.00. Therefore, under the Bond, USIC had an obligation to pay PREPA the penal sum of $450,000.00. On December 1, 2008, PREPA filed a claim with USIC for payment under the Bond. Under the terms of the bond, USIC had ninety days from the date of PREPA's claim to pay PREPA's claim. To date, USIC has failed to do so. As a

result of USIC's failure to respond to PREPA's December 1, 2008 claim, PREPA sent USIC a second extrajudicial claim under the Bond on September 15, 2009. USIC did not answer PREPA's first claim and belatedly answered PREPA's second claim ninety-three days after receiving the same. USIC claimed that its failure to respond to PREPA's second claim was because it did not receive such claim until September 18, 2009, three days after the date PREPA sent such fax to USIC. USIC alleged that because it had received the claim on September 18, 2009, the receipt did not trigger the ninety day period for USIC to respond to PREPA's claim as required by 26 L.P.R.A. § 2205. Debtor's claim on behalf of PREPA was also denied based on the same reason on December 16, 2009. USIC explained that PREPA's claim was denied based on Debtor's allegations that PREPA had caused Debtor damages without having reviewed the evidence of the damages alleged by Debtor. In sum, PREPA argues that pursuant to 26 L.P.R.A. §§ 2205 and 2716a, USIC's failure to address PREPA's first claim and to pay PREPA within ninety days from the claim constituted an unfair claim adjustment practice. Further, USIC's denial of PREPA's extrajudicial claims based on Debtor's damage allegations without adequate investigation is obstinate and frivolous conduct by USIC amounting to, at the minimum, an unfair claim adjustment practice pursuant to 26 L.P.R.A. § 2716a. PREPA thus requests this Court to order USIC to pay PREPA interest for obstinacy or temerity at the rate set by the Office of the Commissioner of Financial Institutions in place at the time of the judgment against USIC from the date on which PREPA's claim arose on March 2, 2009, as well as to pay PREPA a reasonable sum for attorney's fees no less than an amount equal to 10% of the penal sum of the Bond.

PREPA requests the following damages from USIC: (1) default interest ("intereses por mora") at 6% a year over the penal sum of $450,000.00 from March 3, 2009, inclusive, until USIC

pays PREPA the penal sum under the Bond. Interest amounts to $98,400.00 as of October 4, 2012 and increase by $75.00 a day; (2) On March 8, 2010, PREPA filed a judicial claim against USIC for payment of the penal sum and the applicable interest. Interest due at 6% a year from the date of the judicial complaint. Interest at 6% a year from the date of PREPA's counterclaim over any and all interest due is also requested.

In opposition, USIC argues that this instant summary judgment cannot be granted because of the following disputed issue: that damages caused by PREPA to Debtor were in excess of $2,435,253.48. USIC points to an attached exhibit that Debtor's records demonstrate that as of the filing of the complaint in this case PREPA had caused losses to Debtor amounting to a total of $4,934,092.-- because of seventy-seven (77) power service interruptions. Debtor's reduction of its claim against PREPA from $3,449,161.12 to $1,053,036.87 was predicated upon the accuracy of the numbers included under the item identified as "loss of pounds starting at 90%," which USIC has demonstrated were inaccurate because such amount is not supported by any evidence. Further, the damages for "lucro cesante" caused by PREPA to Debtor because of 40 power outages which occurred between July 20, 2004 and October 28, 2005 amount to $4,974,946.60. As a result of the 40 power interruptions during that period, Debtor's net sales for the periods ending on June 30, 2005 and June 30, 2006 decreased by $3,046,822 and $2,976,769 respectively in comparison to what they were in the period ending on June 30, 2004, when the business had not experienced any interruptions.

In response to the opposition, PREPA argues that there is no genuine issue as to the material fact that Debtor owes PREPA at least $450,000.00 more than what PREPA may owe Debtor, if PREPA owes Debtor any amount. Further PREPA points out that Debtor has explained under oath

multiple times why its claimed amount in the Complaint was incorrectly overstated, and what the correct amounts are that Debtor alleges PREPA caused in damages as a result of the alleged electric power interruptions. In response to USIC's claim asserting damages allegedly resulting from electric power interruptions not included in Debtor's Complaint or Amended Complaint or in USIC's Complaint in Intervention, USIC is barred from asserting it for the first time in its Opposition, and it may not be considered by the court. Even if such claim is considered, Debtor would still owe PREPA more than $450,000.00 in excess of any amount that PREPA may owe Debtor. Conclusively, USIC would still be liable to PREPA for the full penal sum of the Bond, and PREPA should be entitled to summary judgment as to USIC's complaint in intervention.

After reviewing the parties' arguments, and the relevant law, this Court finds that USIC has not adequately meet its burden that issues worthy of trial still persist. In this instant motion, PREPA presented evidence demonstrating that Plaintiff owes it at least $2,435,253.48. USIC has not presented evidence to sustain its allegation that the damages suffered by Plaintiff are greater than the damages that Plaintiff itself claims to have suffered according to their amended Complaint. More importantly for purposes of this Court's analysis, USIC lacks any evidence to sustain its assertion that the damages allegedly suffered by Plaintiff exceed the amount owed by Plaintiff to PREPA by at least $450,000.00. The parties do not dispute the validity of the Bond and/or the law cited by PREPA surrounding the validity of such Bond. Rather, the parties focus their arguments on whether damages, if any, are owed to Plaintiff by PREPA. USIC argues unsuccessfully that PREPA owes Plaintiff as much as $4,934,092 and thus this Court should not decide this instant summary judgment in PREPA's favor. There is no dispute that the USIC bond is valued at $450,000.00. Such amount will need to be paid since according to the Plaintiff's Amended Complaint the damages they

sustained total $1,053,036.87. Thus, Plaintiff would still owe PREPA at least $1,382,216.61 and USIC would be liable to PREPA for the full $450,000 under the Bond. Even if the court calculates the alleged damages to Plaintiff in a more favorable light and increases the amount to $1,591,867.03, PREPA would still be owed at least $843,386.45 and USIC would be liable to PREPA for the full $450,000 under the Bond. See Plaintiff's Amended Complaint [Dkt. No. 129].

According to the terms of the Bond, USIC insured Debtor up to any relevant damages to PREPA. Thus, because USIC does not dispute the amount owed, this Court does not see an issue worthy of trial and thus must grant this partial summary judgment Motion. In re PMC Mktg. Corp., 09-02048, 2013 WL 5741826 (Bankr. D.P.R. Oct. 23, 2013) (discussing the burden of persuasion in a summary judgment motion); see also In re PMC Mktg. Corp., 09-02048, 2013 WL 5434707 (Bankr. D.P.R. Sept. 24, 2013); In re Merle Merle, 11-07557, 2013 WL 4039042 (Bankr.D.P.R. Aug. 7, 2013).

This Court recognizes that PREPA also requests damages in the form of interest and attorneys fees. Although there are some contentions between the parties to this point, this Court cannot address this instant issue because of the lack of evidence demonstrating PREPA is entitled to such an award. The parties are therefore ordered to simultaneously brief the court on this issue thirty (30) days from the date of this Opinion and Order. Clerk to follow up.

WHEREFORE, IT IS ORDERED that PREPA's Motions for Partial Summary Judgment Against United Surety & Indemnity Company [Dkt. No.'s 138, 150 & 149] are GRANTED as to the counterclaim and the dismissal of USIC's complaint in intervention, and DENIED IN PART, without prejudice, as to the additional interest and the requested attorneys fees.

SO ORDERED

San Juan, Puerto Rico, this 19th day of December, 2013.

Brian K. Tester
U.S. Bankruptcy Judge