**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 08-07752 BKT** |
| | **Chapter11** |
| **INDUSTRIAS VASALLO, INC.** | |
| **Debtor** | |
| **INDUSTRIAS VASALLO, INC.** | **Adversary No. 09-00258 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **PUERTO RICO ELECTRIC POWER AUTHORITY** | |
| **Defendant** | **FILED & ENTERED ON 4/7/2014** |

**OPINION AND ORDER**

Before this Court a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023[Dkt. No. 188] filed by Intervenor-Plaintiff, United Surety & Indemnity Company ("USIC"). For the reasons set forth below, Intervenor-Plaintiff's Motion to Alter or Amend Judgment is DENIED.

**I.      Factual Background**

On November 17, 2008, Debtor, IndustriasVassallo, Inc., filed for relief under Chapter 11 of the Bankruptcy Code. On December 22, 2009, Debtor filed a complaint against thePuerto Rico Electric Power Authority ("PREPA") asserting that PREPA owed Debtor $3,449,161.12 in damages

resulting from electric power interruptions and/or fluctuations to Debtor's Coto Laurel manufacturing plant. On January 8, 2010, USIC filed a Motion Requesting Intervention pursuant to Fed. R. Bankr. P. 7024(a)(2) and/or (b)(2). On January 26, 2010, this Court granted USIC's motion.

On October 5, 2012, PREPA filed its Motion for Summary Judgment against USIC's complaint in intervention. USIC had previously issued a $450,000.00 bond to jointly and severally guarantee payment by the Debtor to PREPA upon Debtor's failure to meet its obligation. After considering all arguments and responses, on December 19, 2013, this Court entered an order granting partial summary judgment in favor of PREPA. Careful consideration of the record demonstrated that Debtor owes PREPA a minimum of $450,000.00, and USIC must therefore indemnify. As there is no genuine issue of material fact as to the minimum amount owed to PREPA, this Court appropriately granted partial summary judgment.

On January 2, 2014, USIC filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023. PREPA responded by filing its Motion to Strike USIC's Motion to Alter or Amend Judgment on January 15, 2014. Due to USIC's failure to comply with L.Cv.R. 7(d), on April 1, 2014, this Court determined that only the first fifteen (15) pages of USIC's Motion to Alter or Amend Judgment would be considered.

## II. Standard of Review

The granting of a motion pursuant to Fed. R. Civ. P. 59 (e)is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995))."Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising

vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."Palmer, 465 F.3d at 30 (citing In re Sun Pipe Line Co., 831 F.2d 22, 24–25 (1st Cir.1987)).

A Motion to Alter or Amend Judgmentis not a tool for initial consideration, rather it is meant for *re* consideration. Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003) (citing Jorge Rivera Surillo& Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994)). In other words, it is not a tool for the losing party to repeat its previously considered and rejected arguments, or to present new legal arguments that it should have previously raised. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009) (citing Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) aff'd sub nom.Villanueva-Mendez v. Nieves-Vazquez, 440 F.3d 11 (1st Cir. 2006)). Unless newly discovered evidence is presented, motions under Fed. R. Civ. P. 59(e) must clearly establish a manifest error of law. F.D.I.C. v. World U. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing F.D.I.C . v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that the court overlooked and may reasonably be expected to amend or alter its conclusion. Est. of Rivera v. Dr. Susoni Hosp., Inc., 323 F. Supp. 2d 262, 265 (D.P.R. 2004) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995)).

### III.    Legal Analysis and Discussion

USIC bases its motion on four arguments: (1) that the record does not support the conclusion that there is no genuine issue of material fact as to the amount owed by the Debtor to PREPA;  (2) that PREPA's use of the Debtor's amended complaint is hearsay, and thus, inadmissible against USIC; (3) that this Court erred by not concluding that the Debtor's verified complaint is sufficient to raise a genuine issue of material fact; and (4) that this Court erred by concluding that the Debtor

owes PREPA a minimum of $2,435,253.48. As previously ruled, this Court will only consider the first fifteen (15) pages of USIC's Motion to Alter or Amend Judgment, consisting of USIC's first two (2) arguments.

USIC's first argument is meritless as it does nothing more than reiterate its previous arguments. A motion to alter or amend judgment is not a tool for the losing party to repeat its previously considered and rejected arguments. Rosario-Mendez, 660 F. Supp. 2d at 232. Unless newly discovered evidence is presented, motions under Fed. R. Civ. P. 59(e) must clearly establish a manifest error of law. World U. Inc., 978 F.2d at 16 (citing Meyer, 781 F.2d at 1268). The movant cannot simply claim that the court overlooked its arguments. Palmer, 465 F.3d at 30.

USIC argues that the record does not support the conclusion that there is no genuine issue of material fact as to the amount owed by the Debtor to PREPA. Intervenor-Plaintiff relists evidence previously and carefully considered by this Court, and concludes that it was an error to grant partial summary judgment. USIC does not provide for any legal analysis as to why this Court's decision constitutes a manifest error of law. "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority."Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). As a result, this Court does not discern a hint of error, and USIC is not entitled to reconsideration pursuant to Fed. R. Civ. P. 59 or Fed. R. Bankr. P. 9023.

In its second argument, USIC erroneously attempts to put forth a new legal argument as to why the court should have denied PREPA's Motion for Summary Judgment. A motion to alter or amend judgment is not a tool to "raise new legal theories that should have been raised earlier." Natl. Metal Finishing Co., Inc. v. BarclaysAmerican/Com., Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing

Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). USIC argues that PREPA's use of the Debtor's amended complaint is hearsay, and thus, inadmissible against USIC. However, it was USIC's responsibility to flesh out its legal arguments before the court granted partial summary judgment. TMTV, Corp. v. Mass Productions, Inc., 853 F. Supp. 2d 208, 213 (D.P.R. 2012)(citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990) [concluding that where issues have been "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [they] are deemed waived."]). As previously stated, motions under Fed. R. Civ. P. 59(e) must either present newly discovered evidence or clearly establish a manifest error of law. F.D.I.C. v. World U. Inc., 978 F.2d 10, 16 (1st Cir. 1992). USIC has simply failed to do so, and is not entitled to reconsideration pursuant to Fed. R. Civ. P. 59 or Fed. R. Bankr. P. 9023.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that the Motion to Alter or Amend Judgment filed by Intervenor-Plaintiff shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 7th day of April, 2014.

Brian K. Tester
U.S. Bankruptcy Judge