**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 08-07752** |
| | **Chapter 11** |
| **INDUSTRIAS VASSALLO, INC** | |
| | **Adversary No. 09-00258** |
| **Debtor(s)** | |
| **INDUSTRIAS VASSALLO, INC** | |
| **Plaintiff** | |
| **vs.** | |
| **PUERTO RICO ELECTRIC POWER AUTHORITY** | |
| **Defendant(s)** | **FILED & ENTERED ON 10/02/2014** |

## OPINION AND ORDER

The Court issued its Opinion & Order on December 19, 2013 ("Opinion") [Dkt. No. 184] which GRANTED, in part, Defendant Puerto Rico Electric Power Authority's ("PREPA") Motions for Partial Summary Judgment Against Intervenor United Surety & Indemnity Company ("USIC") [Dkt. No.'s 138, 150 & 149] as to the counterclaim and the dismissal of USIC's complaint in intervention. The Court ordered the payment of $450,000 to PREPA under the bond ("Bond"), and DENIED without prejudice PREPA's request for additional interest and attorney's fees because it lacked evidence demonstrating PREPA is entitled to such an award. The parties were ordered to

simultaneously brief the court on this issue thirty (30) days from the date of the Opinion. After several procedural turns not relevant to our inquiry, the parties filed the briefs together with numerous exhibits, oppositions and replies. [See, Docket entries 222, 224, 225, 227, 228, 230, 236, 246, 247, 248, 249, 250, 255].[1]

PREPA contends that USIC's failure to pay the claims that it submitted to USIC on December 1, 2008 and September 15, 2009 within ninety (90) days of their presentation constituted an unfair claims adjustment practice under the Puerto Rico Insurance Code. Also, that it amounted to obstinate and frivolous conduct, which entitles PREPA to collect from USIC interest and attorney's fees. The interest claimed by PREPA is (i) default interest at the rate of 8% per year pursuant to 31 L.P.R.A. § 3025; (ii) compound interest at the rate of 6% per year over the default interest due pursuant to 31 L.P.R.A. § 3026; (iii) interest for temerity ("temeridad") at the rate set by the Finance Board of the Office of the Commissioner of Financial Institutions of Puerto Rico pursuant to 32 L.P.R.A. Ap. V R. 44.3(b); and (iv) post-judgment interest pursuant to 28 U.S.C. § 1961. PREPA alleges that interest started to accrue on March 3, 2009. PREPA's request for attorney's fees for temerity is made pursuant to 32 L.P.R.A. Ap. V R. 44.1(d). PREPA argues that neither the request for attorney's fees nor the interest requires the submission of additional evidence or involves genuine issues as to material facts. The court will tackle its inquiry against the backdrop of the legal standard for summary judgment.

---

[1] Notwithstanding the voluminous nature of the motions and exhibits filed by both parties, there remained unaddressed several material and relevant facts and legal issues, which in turn compelled the Court to independently research the legal issues presented in this controversy at both the state and federal levels, causing a significant delay in rendering this Opinion.

**Summary Judgment Standard**

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." In re Varrasso, 37 F.3d 760, 762 (1stCir.1994). "By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure." Id.; see also Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56. "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." In re Varrasso, 37 F.3d at 763 (citing Fed.R.Civ.P. 56(c)). "As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver an absence of evidence to support the nonmoving party's case." Id. at 763, n. 1 (citation omitted). "The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is both genuine and material." Id. (internal quotations and citations omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

**Insurance Code of Puerto Rico**

In the case at hand, the transaction between these two parties  is regulated by the Insurance Code of Puerto Rico.  Article 22.050 of the Insurance Code, 26 L.P.R.A. §2205, states as follows:

§ 2205. Payment of claims

The surety insurer committed under the provisions of § 2204 of this title shall be bound to pay the debt of his principal at the request of the creditor, after verifying, within a term of ninety (90) days, that the claim exists, and is liquidable and demand-able. If within that term the insurer does not pay the claim without good cause he shall be guilty of a violation of § 2716a of this title.

The plain language is self-evident that the term of ninety (90) days is applicable only to insurers that lack good cause to deny payment of a claim. Moreover, Article 27.162 of the Insurance Code, 26 L.P.R.A. §2716 (b), sets forth as follows:

§ 2716b. Term for resolution of claims

(1)… .
(2) In the event that an insurer is unable to resolve a claim within the term established in subsection (1) of this section, he/she shall maintain in its records any documents attesting to the existence of a just cause to exceed the term previously provided.
(3) ...

**Pre-Judgment Interest**

"Neither the Bankruptcy Code nor the United States Code contain a general statute granting pre-judgment interest. Therefore, pre-judgment interest is generally subject to the court's discretion depending on the equities of the case." Lassman v. Keefe (In re Keefe), 401 B.R. 520, 526 (B.A.P. 1st Cir.2009). In In re Redondo, the First Circuit ruled and instructed as follows, "[w]hen state-law claims ...are adjudicated by a federal court, pre-judgment interest is normally a matter of state law." In re Redondo, 678 F.3d 115, 125 (1st Cir.2012).

In Puerto Rico, pre-judgment interest stem from two separate legal grounds: one is procedural and the other is substantive. Each serves a different purpose and provides different remedies for different conducts. The procedural pre-judgment interest penalty imposed by Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure responds to a party's obstinate conduct during the course of the litigation. See Montañez v. U.P.R., 156 D.P.R. 395, 422–423 (2002) ( Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure establishes the pre-judgment interest on the amount of the judgment that shall be imposed on the obstinate party). The substantive penalty is governed by Article 1061 of the Civil Code of Puerto Rico and serves as an indemnity for damages. See Rivera v. Crescioni, 77

D.P.R. 47, 55–56, 77 P.R.R. 43, 51 (1954) (Article 1061 interest is considered "as an independent indemnity for damages, by way of penalty, for default in payment"). Also see C & A, S.E. v. Rivera González, 2012 PR App. LEXIS 4342 at * * 31– 31, 2012 WL 6692144 at ——10–11 (P.R. Ct. of Appeals 2012) (pre-judgment interest under Article 1061 is different from the interest afforded under Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure); Bird v. McCloskey, 2005 WL 808333 at *11, 2005 PR App. LEXIS 411 at * 31 (P.R. Ct. of Appeals 2005) (distinguishing between pre-judgment interest from Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure and Article 1061 of the Civil Code). The application of these two remedies is not mutually exclusive.

Article 1061 [of the Civil Code of Puerto Rico] provides for payment of interest "as an [ ] indemnity for damages, by way of penalty, for default in payment." Rivera v. Crescioni, 77 D.P.R. 47, 51 (1954); accord P.R. & Am. Ins. Co. v. Superior Court of P.R., 84 P.R. 597, 599 (1962). Default in payment occurs "as of the date in which judicial or extra-judicial demand was made for [payment]." Widow of Vazquez v. Vazquez Cintron, 85 P.R. 266, 268 (1962) (citing 31 P.R. Laws Ann. tit. 31, § 3017). If the parties failed to agree upon the payment of interest and or the interest rate, then the interest to be paid will be the legal interest at the applicable rate. An award of pre-judgment interest under Article 1061 of the Civil Code does not require a determination of temerity or obstinacy. See Atlas Roofing Contractors, Inc. v. Sistema Universitario Ana G. Méndez, 2011 WL 2117552 at *15, 2011 PRApp. LEXIS 727 at *38 (P.R.Ct. of Appeals 2011); Bird v. McCloskey, 2005 WL 808333 at *11, 2005 PRApp. LEXIS 411 at *31.

**Temerity, P.R. R. Civ. P. 44.1(d) and 44.3(b), 32 L.P.R.A. Ap. V R. 44.1(d) and 44.3(b)**

For purposes of Rule 44.3(b) (as well as for Rule 44.1(d), a party incurs in the conduct proscribed by Rule 44.3 so that an award of pre-judgment interest for temerity is warranted when

such party's behavior "result[s] in a litigation that could have been avoided:"; or if the behavior "prolongs [the litigation] needlessly"; or if it "obliges the other party to embark on needless procedures." Dopp v. Pritzker, 38 F.3d 1239, 1253 (citing Fernandez v. San Juan Cement Co., 118 D.P.R. 713; 18 P.R. Offic. Trans. 823, 829-830 (1987)). The rudiments of obstinacy are more or less straightforward:

> A finding of obstinacy requires that the court determine a litigant to have been unreasonably   adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay.

Dopp v. Pritzker, 38 F.3d at 1252; De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 126 (1stCir.1991); accord   La Playa Santa Marina, Inc. v. Chris–Craft Corp., 597 F.2d 1, 7 (1st Cir.1979); Rivera v. Rederi A/B Nordstjernan, 456 F.2d 970, 975 (1st Cir.), cert. denied, 409 U.S. 876, 93 S.Ct. 124, 34 L.Ed.2d 128 (1972). The purpose of Rule 44.3(b) (as well as of Rule 44.1(d)) "is to penalize a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." (Internal quotation marks omitted) (citing Fernandez v. San Juan Cement Co., 118 D.P.R. 713; 18 P.R. Offic. Trans. 823 (1987)). Pre-judgment interest for temerity (as well as attorney's fees under Rule 44.1(d)) are not given to reward the winning party but rather to punish the losing party who acted obstinately. Taber Partners 1 v. Insurance Company of North America, 926 F. Supp. 36, 38 (D. P.R. 1996); Corpak, Inc. v. Ramallo Brothers Printing, Inc., 1990 P.R.-Eng. 710,162 (1990); 1990 WL 710162.

Similarly, P.R. R. Civ. P. 44.1(d) states: "In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a

sum for attorney's fees which the court decides corresponds to such conduct." 32 L.P.R.A. Ap. V R. 44.1(d). Pursuant to P.R. R. Civ. P. 44.1(d), attorney's fees will be imposed , if so adjudged by the court, if the court finds that the losing party acted with temerity or frivolously or obstinately. See 32 L.P.R.A. Ap. V R. 44.1(d); also see Dopp v. Pritzker, 38 F.3d at 1252. The conduct that amounts to temerity, frivolity, or obstinacy for purposes of P.R. R. Civ. P. 44.3(b), which we discussed above, is the same conduct that amounts to temerity, frivolity, or obstinacy for purposes of P.R. R. Civ. P. 44.1(d.). Id; also see Fernandez v. San Juan Cement Co., Inc., 18 P.R. Offic. Trans. at 829-830. Rule 44.1(d) has the same goal of Rule 44.3(b), specifically, to punish the party that incurs in temerity or frivolous or obstinate conduct. Id.

Thus, the imposition of attorneys' fees and pre-judgment interest is obligatory once a threshold finding brings the rules into play. See Fernandez v. San Juan Cement Co., 118 D.P.R. 713 (1987). As stated above, the two rules operate differently in at least one salient respect: while Rule 44.3(b) provides for determining the amount of pre-judgment interest in a mechanical fashion, specifying the period for which interest is to be imposed and the interest rate to be used, Rule 44.1(d) vests the court with considerable discretion in determining the amount of attorneys' fees to be bestowed. We hold, therefore, that obstinacy is the linchpin of a determination under both Rule 44.1(d) and Rule 44.3(b). Dopp v. Pritzker, 38 F.3d 1239 (1st Cir.1994).

That being the state of the law, the First Circuit went further in the Dopp case and clarified that a finding of obstinacy depends on a party's conduct in the course of litigation. See, e.g., De Leon Lopez, 931 F.2d 116, 126 (indicating that the rules prohibit obstinacy "during the course of a lawsuit"). Thus, the Dopp court stated "...[the] fact that Pritzker practiced deceit and duress during the events antecedent to the litigation could not trigger Rule 44. Indeed, even if a party's claim

ultimately fails, it cannot be deemed frivolous or obstinate for that reason alone. See Navarro de Cosme v. Hospital Paria, 922 F.2d 926, 934 (1st Cir.1991); Reyes, 583 F.Supp. at 1445; Felix v. Victory Carriers, Inc., 342 F.Supp. 1386, 1388 (D.P.R.1972). Such a rule is dictated by both common sense and common fairness." Obstinacy must be judged primarily as of the time the conduct is undertaken, not in hindsight.

PREPA puts forth the proposition that once a finding of obstinacy is made, the court must award pre-judgment interest from the moment USIC failed to make the allegedly required payment of $450,000 under the Bond. PREPA contends that the U.S. Court of Appeals for the First Circuit's stand on that issue is actually incorrect pursuant to P.R. Supreme Court jurisprudence. To support this proposition, PREPA cites Fernandez v. San Juan Cement Co., Inc., supra, and quotes:

> The main purpose of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation. We have stated that attorney's fees should be imposed in actions which result in a litigation that could have been avoided.

18 P.R. Offic. Trans. at 830.

In other words, if a party's pre-lawsuit frivolous conduct is what leads the plaintiff to commence the litigation, which could otherwise have been avoided, then the court must impose on the losing defendant the payment of attorney's fees and pre-judgment interest under Rules 44.1(d) and 44.3(b) based on the defendant's pre-lawsuit obstinacy, frivolity, or temerity.

This Court disagrees. Whatever the state of the jurisprudence in Puerto Rico regarding pre-judgment interest under Rules 44.1(d) and 44.3(b) may be, the bankruptcy court is bound by the First

Circuit <u>Dopp</u> decision by virtue of the principle of *stare decisis*.[2] The decision of the court of appeals will create binding precedent within that circuit. Volume G COLLIER ON BANKRUPTCY App. Pt. [44] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); <u>In Re Duby</u>, 451 B.R. 664 (1stCir.BAP 2011). Moreover, the court finds PREPA's interpretation of the Supreme Court of Puerto Rico ruling in the <u>Fernandez</u> case questionable. Concluding that the <u>Fernandez</u> court meant to apply pre-judgment interest to a period of time prior to the start of the litigation is reaching at best.

**Legal Analysis**

The documents and deposition testimony provided by the parties show that PREPA's first requested payment under the Bond was on June 30, 2008. As a result, USIC notified Debtor of PREPA's intention to collect. Pursuant to USIC's request for information, Debtor provided, in July 2008, a binder which included:

a) letter dated December 5, 2005, sent by engineer Jose Valls of Vassallo, to the Honorable Roberto Cruz Rodríguez, showing that Debtor experienced losses amounting to more than $1,244,832.54 due to twenty two (22) electric power interruptions to its plant during the period from June 15, 2001 to February 23, 2004.

b) memorandum sent on November 4, 2005 by engineer Jose Valls to Rafael Vassallo supported by multiple schedules showing that Debtor experienced losses amounting to $3,449,161.12 due to forty (40) electric power interruptions to its plant during the period from July 20, 2004 to October 28, 2005.

c) document entitled "Apagones 2007" prepared by engineer Jose Valls, showing that Debtor experienced losses amounting to $240,099.02 due to fifteen (15) electric power interruptions to its plant during the period from June 24, 2006 to November 21, 2007.

d) letter dated October 18, 2005 wherein Mr. Gustavo Velez, an advisor to the Governor of Puerto Rico, describes a meeting with Rafael Vassallo where it was discussed, among

---

[2] This doctrine comes from the Latin phrase *stare decisis et non quieta movere*, meaning to adhere to precedent and not unsettle what is established. <u>In re Osborne</u>, 76 F. 3d 306, 309 (9th Cir. 1996). The core of the doctrine is often simply stated that the decisions of higher courts are binding precedent on lower courts.

other things, the extensive damages sustained by Debtor as a result of PREPA's continuous interruptions to the electrical power service provided to the Cotto Laurel    manufacturing plant.

e) letter dated March 9, 2006, personally delivered by Attorney Etienne Totti Del Toro, on behalf of Debtor, to PREPA's Executive Director: 1) reiterating Debtor's breach of contract claim; 2) requesting a credit of $3,449,161.12 for Debtor; and, 3) informing that legal action would be imminent if no satisfactory answer was received on or before March 23, 2006.

f) letter dated January 17, 2007 wherein Debtor provided to PREPA a report detailing the exact date and hour in which forty-five (45) power failures occurred, between February 23, 2004 and October 28, 2005.

In sum, the documents sent by Debtor to USIC purport to show that prior to November 22, 2007, PREPA had caused losses to Debtor amounting to a total of $4,934,092 due to seventy seven (77) electric power service interruptions. This alleged debt was greater than the amounts that PREPA asserted that Debtor owed it. On August 13, 2008, for reasons not elucidated in the record of the case, PREPA notified USIC that it was withdrawing the claim that it had presented on June 30, 2008. Thus, as early as July 2008, USIC was aware of the potential lawsuit brewing between the Debtor and PREPA and the underlying claim for damages in excess of $4 million dollars due to interruptions in electrical service. On December 1, 2008, and again on September 15, 2009[3] PREPA requested payment under the Bond.  No payment of the Bond was effected by USIC.  On December 15, 2009, USIC denied the claim for payment under the Bond and assumed Debtor's posture with regards to a complete set-off against PREPA. On December 22, 2009, Debtor filed the present adversary proceeding against PREPA.

---

[3] The actual date that the request for payment was received by USIC is in dispute. The letter was faxed to USIC on September 15, 2009, albeit the evidence provided shows a date stamp of 22:43, or 10:43 pm. In a letter to PREPA, USIC stated that the letter was actually received on September 18, 2009. Regardless, the date is not relevant to our analysis based on this Court's interpretation of the Insurance Code of Puerto Rico.

USIC has a license issued by the Insurance Commissioner of Puerto Rico to issue bonds and other guarantees and insurance in Puerto Rico. The Insurance Code of Puerto Rico, Laws of P.R. Ann., title 26, defines the term surety, among others, as "guaranteeing the performance of contracts, and guaranteeing and executing bonds, undertakings, and contracts of suretyship." Id., at § 409. Therefore, the Bond issued by USIC in this case falls under the regulatory power and is subject to the mandates of the Insurance Code of Puerto Rico. As stated above, a surety insurer must comply with the time constraints established by 26 L.P.R.A. § 2205 (Payment of claims) unless the insurer has "good cause" not to. In the case before us, USIC had ample documentation to buttress their denial of PREPA's claim of payment under the Bond. Given what was known about the serious allegations raised by Debtor against PREPA, and the millions of dollars in damages alleged, it is not unreasonable for this court to conclude that USIC was well within their right to refuse payment under the Bond to PREPA in 2008, and again in 2009. The letters provided show that USIC turned to the Debtor and requested information whenever PREPA made a claim against the Bond. Based on the foregoing, it seems clear that USIC had "good cause" for not having paid the claims made by PREPA. Hence, the ninety-day term established under 26 L.P.R.A. § 2205 to pay a claim did not apply to USIC in this scenario of facts. Additionally, by maintaining in its records the documents attesting to the existence of just cause to deny the payment of the claim, USIC complied fully with the Insurance Code. Although PREPA argues that USIC did not acknowledge their December 2008 claim as required by 26 L.P.R.A § 2716(a), from our reading of the Insurance Code of Puerto Rico that action does not per se rise to the level of obstinacy. Accordingly, USIC has neither incurred in an unfair claims adjustment practice nor has it defaulted on its obligations under the Bond. There can be no default in payment until the obligation to pay arises. In the present proceeding, there was no

such obligation to pay until the December 2013 Opinion so determined. Consequently, the interest contemplated by Article 1061 of the Civil Code is not justified.

The court sees no indication of obstinate behavior or temerity in USIC's actions prior to the commencement of the litigation in this adversary. There is no evidence in the record being considered by the court that USIC triggered a threshold finding of obstinacy which would in turn bring Rules 44.1 and 44.3 into play. Absent a determination that USIC acted with temerity, PREPA's request for pre-judgment interest and attorney's fees falters.

**Post Judgment Interest**

"[F]ederal law governs the entitlement to post judgment interest in any federal civil suit, including a diversity suit." Vazquez-Filippetti v. Cooperativa de Seguros Multiples de P.R., 723 F.3d 24, 28 (1stCir.2013).  In relevant part, 28 U.S.C. § 1961(a) states that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court…. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Post judgment interest must be computed daily to the date of payment and is compounded annually. 28 U.S.C. § 1961(b). Furthermore, the court has no discretion to deny post judgment interest to the prevailing party. Vazquez-Filippetti v. Cooperativa de Seguros Multiples de P.R., 723 F.3d at 28. Indeed, the prevailing party is entitled to post judgment interest even if the judgment is silent in that regard and even if the prevailing party fails to appeal the court's omission. Id.  The court's December 2013 Opinion and Order adjudicated a portion of the PREPA's summary judgment motion. However, a partial Judgment was not and has not been entered on the docket in this proceeding. So although by its very nature post judgment interest is mandated by statute, there is no final Judgment awarding

PREPA the $450,000 payment under the Bond at this point in time. Accordingly, no post judgment interest can be awarded to PREPA under 28 U.S.C. § 1961.

**Reconsideration**

In its motion, USIC requests that the court reconsider its December 2013 Opinion. PREPA argues that the part of USIC's motion in which USIC argues for such request should be stricken from the record as they are not entitled to what amounts to a second motion for reconsideration. Moreover, the legal requirements under Fed.R.Civ.P. 59 were not met, or even argued. In response, USIC correctly asserts that Fed. R. Civ. P. 54(b) allows a party to request revisions of an opinion/order at any time prior to the entry of a judgment. The Rule is silent as to the number of times a modification may be requested by a party. As previously stated, no Judgment has been entered in this proceeding. Accordingly, PREPA's request to strike USIC's request to reconsider lacks basis and contravenes Fed. R. Civ. P. 54(b). Regardless, the Court has on two previous occasions examined the dispute between PREPA and USIC and finds its prior adjudications to be legally sound. The Court will not do so a third time.

WHEREFORE, IT IS ORDERED that PREPA's Motion for Summary Judgment against Intervenor USIC is DENIED as to the awarding of pre-judgment interest, attorney's fees and post judgment interest. Furthermore, USIC's request to reconsider the court's Opinion and Order of December 2013 [Dkt. No. 184] is DENIED. The Clerk shall enter the final judgment.

SO ORDERED

San Juan, Puerto Rico, this 2nd day of October, 2014.

Brian K. Tester

U.S. Bankruptcy Judge