**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 08-07752 BKT**<br>**Chapter 11** |
| **INDUSTRIAS VASSALLO, INC.** | |
| **Debtor** | |
| **INDUSTRIAS VASSALLO, INC.** | **Adversary No. 09-00258 BKT** |
| **Plaintiff** | |
| **vs.** | |
| **PUERTO RICO ELECTRIC POWER AUTHORITY** | |
| | **FILED & ENTERED ON 07/31/2015** |
| **Defendant** | |

**OPINION AND ORDER**

Before this Court is a *Motion for Reconsideration of Order entered at Docket 344* [Dkt. No. 347] filed by United Surety & Indemnity Company ("USIC"), along with the Puerto Rico Electric Power Authority's ("PREPA") *Opposition to Motion for Reconsideration* [Dkt. No. 352] and USIC's *Reply to PREPA's Opposition to Motion for Reconsideration of Order entered at Docket 344* [Dkt. No. 356]. For the reasons set forth below, the USIC's *Motion* [Dkt. No. 344] is DENIED.

1

## I.      Factual Background

On November 17, 2008, Debtor, Industrias Vassallo, Inc. ("Vassallo"), filed for relief under Chapter 11 of the Bankruptcy Code. On December 22, 2009, Vassallo filed a complaint against PREPA asserting that it owed Vassallo $3,449,161.12 in damages resulting from electric power interruptions and/or fluctuations to Vassallo's Coto Laurel manufacturing plant. On January 8, 2010, USIC filed a Motion Requesting Intervention pursuant to Fed. R. Bankr. P. 7024(a)(2) and/or (b)(2). On January 26, 2010, this Court granted USIC's request.

On October 5, 2012, PREPA filed its Motion for Summary Judgment against USIC's complaint in intervention. USIC had previously issued a $450,000.00 bond to jointly and severally guarantee payment by Vassallo to PREPA upon Vassallo's failure to meet its obligation. After considering all arguments and responses, on December 19, 2013, this Court entered an Opinion and Order granting partial summary judgment in favor of PREPA [Dkt. No. 184].

On May 22, 2015, Vassallo filed its motion requesting the voluntary dismissal of its amended complaint against PREPA. On the same date, USIC filed an amended complaint in intervention against PREPA. On June 2, 2015, this Court entered an Order denying the amended complaint in intervention filed by USIC due to Debtor's request for voluntary dismissal of the instant adversary proceeding. USIC has since filed a motion for reconsideration of the order denying its amended complaint in intervention on June 4, 2015, which is the basis for this Opinion.

## II.      Standard of Review

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its

2

own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr. D.P.R. Aug. 29, 2013).

Although USIC's motion for reconsideration of the court's order granting PREPA's motion to dismiss does not specifically state under which rule or statute USIC is making its request, based on the title of USIC's motion and the fact that it was filed within fourteen (14) days from the entry of the Order denying USIC's amended complaint in intervention, it can be presumed that USIC's request is made pursuant to Fed. R. Bankr. P. 9023. This, in turn, makes Fed. R. Civ. P. 59(e) applicable to this adversary proceeding. See Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009).[1] Counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003).

The purpose of a motion for reconsideration is to bring to the court's attention newly discovered evidence that was not available at the time of the entry of the order, changes in existing law, or errors in the court's application of the law. The court need not consider arguments raised for the first time in a motion for reconsideration.

---

[1] A motion for reconsideration filed within fourteen (14) days of the entry of the order or judgment sought to be reconsidered is treated as a motion to alter or amend under Fed. R. Civ. P. 59(e). Rosario Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d at 232.

3

### III.    Discussion

In its motion for reconsideration, USIC argues that the United States Bankruptcy Appellate Panel for the First Circuit ("BAP") entered an Opinion establishing, among other things, that USIC may reassert its complaint in intervention at any time until the adjudication of the amended complaint is concluded. USIC argues that this Court's Order granting Vassallo's request for voluntary dismissal on June 2, 2015, adjudicated the amended complaint filed by Vassallo against PREPA. Consequently, USIC had until that date to file its amended complaint.

PREPA, on the other hand, argues that contrary to USIC's assertion, nowhere in the Opinion does the BAP state that USIC can actually reassert its complaint in intervention prior to the adjudication of Vassallo's amended complaint. PREPA contends that what the BAP stated was that, based on its reading of this Court's Opinion and Order of December 19, 2013 [Dkt. No. 184] and the Amended Partial Judgment of December 30, 2014 [Dkt. No. 295], "it appears that USIC may assert its claim which was the subject of the Complaint in Intervention at any time until adjudication of the Amended Complaint is concluded." PREPA proffers that the appearance that USIC may reassert its complaint in intervention is nothing more than that: an appearance. A reading of this Court's Opinion and Order and the amended Partial Judgment make it clear that what this Court denied without prejudice was PREPA's request for attorney's fees and additional interests. PREPA claims that this Court granted its summary judgment motion as to its counterclaim against USIC and as to the dismissal of USIC's complaint in intervention. Thus, by granting PREPA's summary judgment motion as to those two issues, there was adjudication on the merits pursuant to Fed. R. Civ. P. 41(b).

4

PREPA further argues that Fed. R. Civ. P. 15(a)(2), which Fed. R. Bankr. P. 7015 makes applicable to adversary proceedings, provides that a party may only amend its complaint with the opposing party's written consent or with the court's leave, if the amendment is intended to be done more than 21 days after an answer to the complaint has been served. PREPA served its answer to USIC's complaint in intervention on March 8, 2010, while USIC filed its amended complaint in intervention on May 22, 2015. PREPA alleges that, because this is more than twenty-one (21) days after PREPA served its answer to USIC's complaint in intervention, USIC may only amend its complaint in intervention with PREPA's written consent or with the court's leave.

In its reply to PREPA's opposition, USIC argues that even though this Honorable Court has entered an Order that accepts Vassallo's voluntary dismissal with prejudice and an order that denies USIC's amended complaint in intervention, these orders are not final because no separate judgment has been entered in this case. USIC contends that Fed. R. Civ P. 58(a) requires that every judgment and amended judgment must be set out in a separate document. USIC further asserts that regarding PREPA's argument that this Court has finally adjudicated this complaint with prejudice against USIC and therefore it may not attempt to reassert its complaint in intervention pursuant to Fed. R. Civ. P. 41(b) is wrong. USIC contends that Rule 41(b) has no bearing on the question of whether an order or judgment is final, but rather on the effect that a judgment in a federal case may have on future cases. USIC argues that there is no final judgment in this case which would preclude USIC from reasserting its complaint in intervention, which includes amending its complaint.

This Court agrees with the BAP's opinion that USIC could amend its complaint in intervention at any point up until final adjudication, however, as discussed herein, this Court concludes that it lacks jurisdiction to entertain USIC's complaint in intervention against PREPA. The jurisdiction of the bankruptcy court, like that of any other federal court, is limited by statute. Section 1334(b) of Title 28 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. §1334(b). The district courts may, in turn, refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11… to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

Section 157 does not provide the bankruptcy courts with the full authority over all matters as to which a district court may exercise jurisdiction under Section 1334. See Knox v. Sunstar Acceptance Corp., 237 B.R. 687, 693 (Bankr. N.D. Ill. 1999); Sturman v. Southeast Partners Corp., 222 B.R. 694, 716-17 (Bankr. S.D.N.Y. 1998). Section 157 differentiates between "core" and "non-core" proceedings. Pursuant to 28 U.S.C. §157(b)(1), a bankruptcy judge "may hear and determine all… core proceedings arising under title 11… and may enter appropriate orders and judgments, subject to review [under 28 U.S.C. § 158]." Section 157(b)(2) contains a non-exclusive list of "core proceedings." 28 U.S.C. § 157(b)(2). To determine whether a proceeding is core, a court must examine whether "the nature of the adversary proceeding, rather than the state or federal basis for the claim, falls within the core of federal bankruptcy power." In re Manville Forest Products Corp., 896 F.2d 1384 (2d Cir. 1990); In re Shea & Gould, 198 B.R. 861, 866 (Bankr. S.D.N.Y. 1996). In other words, a core proceeding, "for bankruptcy jurisdictional purposes, is [an] action that has as its foundation the creation, recognition, or

adjudication of rights which would not exist independent of a bankruptcy environment." In re Manshul Const. Corp., 225 B.R. 41, 45 (S.D.N.Y. 1998).

Bankruptcy courts may exercise subject matter jurisdiction over core claims that "arise under" or "arise in" a bankruptcy case. A bankruptcy court will also have subject matter jurisdiction over those non-core proceedings that "relate to" a bankruptcy case. Id. A civil proceeding is "related to" a bankruptcy case, for jurisdictional purposes, when the action between the parties affects how much property is available for distribution to creditors of the bankruptcy estate or allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities. Id.; Knox, 237 B.R. at 693. "Related to" jurisdiction is limited, and bankruptcy courts lack jurisdiction over matters which will have no effect upon the debtor's estate. Manshul, 225 B.R. at 45.

Even if a case does not "arise in" or "arise under" Title 11, a bankruptcy court may still have jurisdiction over the matter if the proceeding is "related to" a Title 11 case. The Supreme Court has noted that "[p]roceedings 'related to' [a] bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 307 n. 5, (citations omitted).

"The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate." Publicker Indus., Inc. v. United States, 980 F.2d 110, 114 (2d Cir.1992). "A case has a 'conceivable effect' on the bankruptcy estate 'if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any

7

way impacts upon the handling and administration of the bankrupt estate.'" Back v. LTV Corp., 213 B.R. 633, 638 (S.D.N.Y.1997).

"Related to" jurisdiction, however, has its limits. "[B]ankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." Celotex, 514 U.S. at 308 n. 6, quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984). Thus, a proceeding involving non-debtors will not be found to be related solely on the ground that it will affect a distribution to creditors unless the proceeding involves property in which the debtor has a legally cognizable interest. In re Holland Indus., Inc., 103 B.R. 461, 469 (Bankr.S.D.N.Y.1989). Given the fact that Vassallo voluntarily dismissed its complaint against PREPA, along with the fact that USIC's complaint in intervention against PREPA does not pertain to Vassallo, nor would USIC's complaint in intervention have any conceivable effect on Vassallo's bankruptcy estate, this Court finds that it lacks jurisdiction to entertain USIC's complaint in intervention. The bankruptcy court is not the correct forum for a proceeding between two non-debtor parties which does not affect the bankruptcy estate.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that USIC's *Motion for Reconsideration of Order entered at Docket 344* shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 31st day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge